IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE TOMEK | ) | Case No. 7:13-cv-5005 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| LINCOLN FINANCIAL GROUP, | ) | |
| a/k/a THE LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, a corporation | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, George Tomek, and pursuant to the provisions of Neb.Rev.Stat §25-501 (Reissued 2008), alleges as follows:

1. At all times mentioned herein, Plaintiff was a resident of Lincoln County, Nebraska.

2. Defendant, Lincoln Financial Group, a/k/a The Lincoln National Life Insurance Company, is a corporation engaged in the business of insuring risks. Lincoln Financial Group is licensed to insure risks in Nebraska.

3. That jurisdiction is based upon the fact that this action arises out of the Employee Retirement Income Security Act of 1974 (ERISA) 29 USC §1,001 et seq., and therefore presents a question arising out of a federal statute.

4. On the 12th day of May, 2008, the Defendant executed and issued a Group Long-Term Insurance Policy, with a policy number of 000010097426 (the "Policy") effective January 1, 2008. A copy of the insurance policy is attached hereto, marked as Exhibit "A" and incorporated herein by this reference.

5. The Group Insurance Policy was effective as of January 1, 2008 and superseded and replaced any previously issued policy with an effective date of January 1, 2008.

6. Nebraska Public Power District was the Group Policy Holder.

7. The Policy was issued as a group policy covering employees of Nebraska Public Power District.

8. George Tomek was an eligible covered employee under the Policy at all relevant times.

9. The Policy provides for Total Disability Monthly Benefits provided the employee is totally disabled; becomes Disabled while insured for this benefit; is under the Regular Care of a Physician; and at his or her own expense, submits proof of continued Total Disability and Physician's care to the Company upon request.

10. The Plaintiff is, and has been since August 9th, 2010, totally disabled, under the regular care of a physician, and submitting proof of continuing disability as requested by the Defendant.

11. On the 10th day of April, 2010, Plaintiff stopped working due to injures he received and Defendant provided disability benefits under the insurance policy issued to Plaintiff from August 9, 2010 to August 9, 2012 in the amount of $2,757.04 per month, which was later reduced to $1,181.04 minus a deduction of $100.00 for Federal Income Taxes due to the Plaintiff being awarded Social Security Disability Income benefits.

12. Plaintiff has been totally disabled and unable to work since August 9, 2010 and continues to be totally disabled from performing the main duties and any gainful occupation for

which his training, education, or experience will reasonable allow.

13. Defendant has refused and continues to refuse to pay any benefits to Plaintiff beyond August 9, 2012.

14. The Plaintiff has performed all conditions required under the Policy.

15. Defendant has breached its long term disability insurance contract with Plaintiff by failing to pay Plaintiff any benefits beyond August 9, 2012.

16. Plaintiff has exhausted his administrative remedies by, prior to filing suit, seeking two administrative reviews of the Defendant's denial to pay Plaintiff long term disability payments.

17. Plaintiff is entitled to long term disability benefits from August 9, 2012 until reaching the age of 65.

## FIRST CAUSE OF ACTION

(Breach of Contract Against Lincoln National)

18. The allegations in paragraphs 1-17 are incorporated as if fully set forth herein.

19. Under the terms of the Policy, Defendant agreed to provide Total Disability Benefits to George Tomek provided certain conditions were satisfied.

20. George Tomek's disability and treatment met the conditions required for Total Disability Monthly Benefits.

21. Defendants refusal to provide Total Monthly Disability Benefits from August 9, 2012 and forward constitutes a breach of contract.

22. As a result of this breach of contract, the Plaintiff has suffered, and continues to suffer, damages to be proved at trial.

WHEREFORE, the Plaintiff, George Tomek, prays for judgment against the Defendant, Lincoln Financial Group, a/k/a Lincoln National Life Insurance Company, for past due total disability benefits, future disability benefits together with interest, costs and attorney fees, including but not limited to those provided in Neb. Rev. Stat. §44-359 (Reissue 2004).

## SECOND CAUSE OF ACTION

(Bad Faith Against Lincoln Financial Group,

a/k/a The Lincoln National Life Insurance Company)

23. The allegations in paragraphs 1-22 are incorporated as if fully set forth herein.

24. The Defendant had a duty to act in good faith in providing the benefits of the Policy, to adequately investigate the claim, to avoid unduly delaying settlement and payment, and to avoid unreasonably delaying or refusing payments to settle the claim.

25. The Defendant's actions are unreasonable. Defendant failed to conduct a reasonable management, evaluation, and review of Mr. Tomek's disability. Defendant failed to conduct an adequate investigation of the claim and failed to subject the results to a reasonable evaluation and review. There was no reasonable basis for the denial by the Defendant of Mr. Tomek's claim. Defendant knew it had no reasonable basis, or acted with reckless disregard whether there is a reasonable basis, to ignore Mr. Tomek's claim or deny the claim.

26. The following damages and economic losses to Mr. Tomek have been proximately caused as a result of Defendant's actions:

    a. Mr. Tomek has been denied coverage, and is continuously being denied coverage, for disability payments in excess of $1,181.04 per month.

    b. Mr. Tomek has suffered financial hardship, economic losses, mental

suffering, and damages therefrom, including mental anguish and other losses to be proved at trial

WHEREFORE, the Plaintiff, George Tomek, prays for judgment in his favor against the Defendant on his Second Cause of Action in an amount to be proven at trial representing all of the losses sustained by Mr. Tomek for the Defendant's, Lincoln Financial Group, a/k/a The Lincoln National Life Insurance Company's, denial of coverage, together with interest as provided by statute, costs and attorney fees, including but not limited to those fees provided in Neb. Rev. Stat. §44-359 (Reissue 2004).

Dated this 19th day of July, 2013.

                                            GEORGE TOMEK, Plaintiff.

By   *s/Todd R. Mcwha*
      Todd R. McWha - NSBA #19083
      Todd O. Engleman - NSBA #22219
For  WAITE, MCWHA & HENG
      116 North Dewey
      P.O. Box 38
      North Platte, NE 69103-0038
      (308) 532-2202
      Attorneys for Defendant.
      Email: tmcwha@northplattelaw.com
      Email: tengleman@northplattelaw.com